IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DEAN E. MAHONE,
    PETITIONER,

V.                                  INDICTMENT NO: AL-00-795577

                                    3:07CV500-MEF

WILLIE THOMAS WARDEN,
    RESPONDENT,

## MEMORANDUM OF LAW IN OPPOSITION TO COURTS ORDER TO DISMISS HABEAS PETITION

   Petitioner, Dean E. Mahone ("Mahone") respectfully submits this Memorandum of Law in opposition of the Courts Order to dismiss this Habeas Corpus Petition.

### PRELIMINARY STATEMENT

   Petitioner is challenging the ruling that he has procedurally defaulted his claims, by showing that the State did not have any "independent or adequate, state grounds for denying claims.
   1). The state procedural rule relied on in this case is not independent of Federal Law as well as its own documented State Law, the State Rule does not bar relief when fundamental and Constitutional errors are made.
   2). The Court did not have jurisdiction to convict because the State Courts decision was contrary to clearly established Federal as well as State Law.
   3). The Courts rule is unfair and not an adequate reason for bar.
   4). The indictment here is fundamentally defective, because the crime for which Petitioner was convicted was not contained in the indictment, thus Petitioner is illegally convicted and sentenced.
   5). There would not be a procedure bar if not for the state-created-impediment.
   6). The issues in this Petition are Federal violations that need to be addressed, for failure to consider these claims would resort in a miscarriage of justice.

-1-

## STATEMENT OF FACTS

A) <u>Dean E. Mahone's Attempted Murder Conviction:</u>
Petitioner, Dean E. Mahone, a black male in his late forties, is convicted of Attempted Murder. The conviction took place on the 31st day of January 2001 as a result of that conviction Mahone was sentenced to thirty (30) years in prison.

B) <u>Mahone was arrested and charged with Intentional Murder on the 12th day of March, 2000:</u> On the 16th day of June, 2000 Mahone was indicted by a Grand Jury in Russell County, Alabama on a one count indictment for Intentionally causing the death of another person by shooting him with a pistol in violation of <u>Section 13A-6-2 Code of Alabama, 1975</u>.
On the 24th day of July, 2000 Petitioner filed a waiver of arraignment and entered his plea of not guilty (CR-9), on the 29th day of January 2001 the trial of the matter began before the Honorable George Green (R-3). A jury was struck and the Trial Court impaneled the jury for Mahone's case. (R-8-24).
The state presented its case-in-chief (R-33-261) and proceeded under the accomplice liability theory. At the end of the States, case Petitioner moved for a judgment of acquittal, which the Court denied.
Petitioner testified in his own behalf (R-313-317) and called one other witness to testify, Petitioner renewed his Motion for Judgment of acquittal, which the Court again denied.
The Court Amended the charge to include Attempted Murder on the 31st day of January, 2001 (the third day of trial) as a lesser included offense of Intentional Murder, Petitioner objected to said charge but was noted and overruled by the Trail Court and charged with Attempted Murder without Petitioner's consent (R-368).

C) <u>The State-Created-Impediment:</u> Petitioner was prevented from filing his Application for Habeas Corpus within the allowed time by the State-Created-Impediment. Petitioner was sent to a Private Institution in the State of Mississippi due to the over crowding in Alabama Department of Corrections. This took place July of 2003 and was not returned until the 9th day of February 2004 thus as of the 19th day of September, 2003 Petitioner still had a total of (7) months remaining on the said limitation period. Throughout this time, Petitioner was without the use of an adequate Law Library or Law Library at all for that matter.

## ARGUMENT

### PETITIONER ATTACK ON THE STATES VIOLATIONS OF HIS CONSTITUTION AND SUBSTANTIAL RIGHTS

Petitioner argues that upon a showing that a Criminal Act of one kind had been burden, the right to have the Grand Jury make the charge on its own judgment is a Substantial Right that cannot be taken away with or without Court Amendment. Stirone v. United States, 361 U.S. 212, 805 S. Ct. 270 4 L. Ed 2d 252. This holding was reaffirmed by the Supreme Court in United States v. Miller, 471 U.S. 130, 138, 105 S. Ct. 1811 L. Ed 2d 99 (1985), where the Court noted that in Stirone the offense proven at trial was not fully contained in the indictment for the prosecution had amended the indictment by broading the possible bases for a conviction from which appeared in the indictment, thus also see Tran v. United States, 234 F.3d 798 (2000).

### VIOLATIONS OF THE FIFTH AND SIXTH AMENDMENTS

Petitioner argues that the rule that conviction will not be upheld if the indictment does not set forth essential elements of offense this rule serves two purposes: (1)-It informs Defendant of nature and cause of accusation as required by the Sixth Amendment: (2)-It fulfills the Fifth Amendments indictment requirement insuring that a Grand Jury will only return a indictment when it finds probable cause to support all necessary elements of the crime U.S.C.A. Constitution Amendments 5, and 6 United States v. Gayle, 967 F.2d 483 on remand. Hester v. United States, 122 L. Ed 2d 775.
"Constructive Amendment" of indictment occurs when jury is permitted to convict Defendant upon factual basis that effectively modifies essential elements of the offense charged and is grounds for reversal Per Se U.S.C.A. Constitutions 5, and 6 Thomas v. Harrelson, 942 F.2d 1530.
In Russell v. United States, 369 U.S. 749 8 L. Ed 240, 82 S. Ct. 1038 congress has expressly provided that no one can be prosecuted except upon indictment by a Grand Jury. Indictment that fails to allege each material element of offense fails to charge that offense Federal Rules of Civil Procedure Rule 7c 28 U.S.C.A. 1503 Haas v. United States, 440 F. Supp. 426 reversed.

### VIOLATION OF DUE PROCESS

Petitioner argues that one of the most fundamental requirements of due process is the individual must receive adequate notice of charge or claims to be asserted against him U.S.C.A. Constitution Amendments 5, 14. Conviction upon charge not made in indictment constitutes denial of due process U.S.C.A. Constitution Amendment 14.

Under due process clause a person can not incur loss of liberty for offense without notice and meaningful opportunity to defend U.S.C.A. Constitution Amendment 14.

Thus, to determine whether Petitioner has been convicted in State Court of crime not set forth in charging instrument in violation of due process, Federal Courts look to law of State where Petitioner was convicted U.S.C.A. Constitution Amendment 14 see State Law 13A-1-9 (Code of Alabama, 1975) Chapter 4 inchoate crimes. Alabama follows the view that if the evidence show the alleged offense was actually committed there is no authority to convict of an attempt to commit such offense. Edwards v. State, 33 Ala. App. 386 So.2d 173 (1948). DeGraff v. State, 34 Ala. App. 137, 37 So.2d 130 (1948), Coachran v. State, 42 Ala. App. 144, 155, So.2d 530 (1963).

### STATE-CREATED-IMPEDIMENT

Petitioner argues that while being housed in a Private Institution due to over crowding in Alabama's Department of Corrections through July 2003 to the 9th day of February, 2004 he was without the use of an adequate Law Library and his time to file should have totaled until his return back to Alabama as of the 19th day of September, 2003. Petitioner still had (7) months remaining on his limitation period this would make his Application for Habeas Corpus due September of 2004. E. Gerton v. Cockell, 334 F.3d 433 (5th Cir. 2003).

### CONCLUSION

Petitioner would state that there is not one alleged offense here that should be or should have been defaulted by any Court bar for Petitioner in the instant case is truly convicted and sentenced illegally. To allow the Court to Amend and change the crime for which Petitioner was indicted is nothing but a clear case of an miscarriage of injustice as well as Federal and Constitutional violations.

The Sixth Amendment along guarantees a criminal Defendant a fundamental right to be informed of the nature and cause of accusation. Here the indictment only alleged Intentional Murder which would make it impossible for a person of common understanding to prepare a defense for Attempted Murder and here the State of Alabama claims in 13A-1-9 (Code of Alabama, 1975 Alabama follows the view that if the evidence shows the alleged offense was actually committed there is no authority to convict of an attempt to commit.

WHEREFORE, Petitioner ask that this Petition be allowed to correct the errors of the Court for the verdict was based on two theories one of which was not legal.

Respectfully Submitted,

*(signature)* Dean E. Mahone
Dean E. Mahone, Petitioner
Bullock Correctional Facility
Post Office Box 5107
Union Springs, Alabama 36089

## CERTIFICATE OF SERVICE

I hereby certify that I have served true and correct copy of the foregoing Motion this _____ day of __May____, 2007 upon the following parties via United States Mail postage prepaid, by placing same in the Legal Mail here at the Bullock County Correctional Facility.

*(signature)* Dean E. Mahone
Dean E. Mahone, Petitioner
Bullock Correctional Facility
Post Office Box 5107
Union Springs, Alabama 36089

CC:   LANE MANN, CLERK          WILLIE THOMAS, WARDEN
      US COURTHOUSE
      POST OFFICE BOX 711
      MONTGOMERY, ALABAMA 36130


FILE: _____
       DATE

-5-

DEAN E. MAHONE
214209-62-743
P.O. Box 5107
Union Springs, AL. 36089



United States District Court
Middle District of Alabama
Office of the Clerk
P.O. Box 711
DEBRA P. HACKETT, CLERK
Montgomery, AL. 36101-0711

Agency No. 00PL06186    DC No. 2000-707    CC No. _____    G. J. No. 273SU00

A TRUE BILL, presented to the judge Presiding in open Court by the Foreperson of this Grand Jury, and filed in open court this 16th day of June, 2000.

_____          _____          CC-00-529
Grand Jury Foreman               Clerk of the Circuit Court
                                 of Russell County
                                 Twenty-Sixth Judicial Circuit

# INDICTMENT

*THE STATE OF ALABAMA*

*vs.*

*DEAN E. MAHONE*

*SID: AL00795577*

*alias*

*None Reported*

SECTION

CHARGES:

1. MURDER

Bail fixed at $ 75,000 this 19th day of June, 2000.

_____
Judge Presiding

                                                                 1    CIRCUIT COURT
THE STATE OF ALABAMA                                                      2000
RUSSELL COUNTY

                                    556

Prosecutor: BUSTER LANDREAU                          KENNETH DAVIS
                                                     DISTRICT ATTORNEY
                              GRG                    TWENTY-SIXTH JUDICI

THE STATE OF ALABAMA, Russell COUNTY
Circuit Court - Twenty-Sixth Judical Circuit

COUNT 1

The Grand Jury of said county charge that, before the finding of this indictment, DEAN E. MAHONE, whose name is otherwise unknown to the Grand Jury, did on or about March 12, 2000, intentionally cause the death of another person, JIMMY LEE GORDON, by shooting him with a pistol, in violation of Section 13A-6-2 of the Code of Alabama, 1975, as amended, and against the peace and dignity of the State of Alabama.

KENNETH DAVIS
District Attorney
Twenty-Sixth Judicial Circuit

WITNESSES:

OFFICER W. CLANTON, PCPD, PHENIX CITY, AL  36867
JACQUELINE CRAWFORD, H-4 EDMOND ESTATES APTS, PHENIX CITY, AL  36867
MARIECO CRAWFORD, H-4 EDMOND ESTATES APTS, PHENIX CITY, AL  36867
DR. J.C. UPSHAW DOWNS, ALA. DEPT. FORENSIC SCIENCE; P.O. BOX 240591, MONTGOMERY, AL  36124
PATRICIA FEARSON, I-5 EDMOND ESTATES APTS, PHENIX CITY, AL  36867
BARBARA FRANKS, 1302 6TH PLACE SO, PHENIX CITY, AL  36867
CAPT. J. HART, PCPD, PHENIX CITY, AL  36867
CORONER JERRY KEY, PHENIX REGIONAL HOSPITAL, PHENIX CITY, AL  36867
SGT. BARBARA LAGRAND, PCPD, PHENIX CITY, AL  36868
SGT. R. LAWRENCE, PCPD, PHENIX CITY, AL  36867
SGT. G. LEEDS, PCPD, PHENIX CITY, AL  36867
WILLIAM LEWIS, G-3 EDMOND ESTATES APTS, PHENIX CITY, AL  36867
LT. B. MCGARR, PCPD, PHENIX CITY, AL  36867
WANDA MOORE, I-5 EDMOND ESTATES APTS, PHENIX CITY, AL  36867
OFFICER M. TOOMEY, PCPD, PHENIX CITY, AL  36867
SGT. M. VARGO, PCPD, PHENIX CITY, AL  36867
BOBBI WHEELER, , ,
BOBBI WHEELER, 602 10TH AVE, PHENIX CITY, AL  36867
ANDY WILLIAMS, PCPD, PHENIX CITY, AL  36867

STATE OF ALABAMA,           )   IN THE CIRCUIT COURT OF

    PLAINTIFF,           )   RUSSELL COUNTY, ALABAMA

VS.                         )   CASE NO. CC 00-529

DEAN E. MAHONE              )

    DEFENDANT.           )

## VERDICT

January 29, 2001. Now comes the defendant, with assistance of counsel, for trial by a jury of twelve upon his/her plea of not guilty.

January 31, 2001. Now comes the jury and returns its unanimous verdict as follows: "We, the Jury, find the defendant, Dean E. Mahone, not guilty of the offense of Murder. We, the Jury, find the defendant, Dean E. Mahone guilty of the offense of Attempted Murder, as charged in the indictment. Date: January 31, 2001; Larry W. Kemp, Foreperson." The verdict being in proper form, the Court accepts the verdict.

The defendant is remanded to the custody of the Sheriff of Russell County. Sentencing is scheduled for February 20, 2001 at 9:30 A.M.

                                          George R. Greene, Circuit Judge

*15A-P-9*

**CodE oF ALabama 1975.**

2) Subdivision (a)(2) provides that an attempt or solicitation to commit the offense charged or to commit any included offense is an included offense. Thus, on a charge of theft the evidence may fall short of proving an unauthorized exercise of control over the property (*i.e.*, asportation, or taking and carrying away under common law) but it does prove defendant attempted to do so, or solicited another to do so, and, thus, he may be found guilty of attempted theft or criminal solicitation to commit theft. See Chapter 4, → Inchoate Crimes. Alabama follows the view that if the evidence shows the alleged offense was actually committed, there is no authority to convict of an attempt to commit such offense. Edwards v. State, 33 Ala. App. 386, 34 So.2d 173 (1948); DeGraff v. State, 34 Ala. App. 137, 37 So.2d 130 (1948); Cochran v. State, 42 Ala. App. 144, 155 So.2d 530 (1963). But by statute in many states, there can be a conviction of an attempt though the evidence shows that the completed crime has been committed. LaFave and Scott, Criminal Law, 452 (1972).

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.